## CLARK VS. WOOD.

CERTIORARI. Under the statute authorizing the district court on certiorari to give judgment in the case as the right of the matter might appear, without regard to technical omissions, imperfections or defects in the proceedings before the justice not affecting the merits, and to affirm or reverse the judgment in whole or in part, where in assumpsit before the justice, the defendant pleaded the general issue and notice of set-off *only,* and at the trial the plaintiff established the demand sued for, but judgment was given for the defendant upon his being allowed to show before the justice the non-joinder of a defendant liable with him, *held,* that the justice erred, and that, on certiorari to his judgment, the district court rightfully reversed it, and properly rendered judgment for the plaintiff for his demand.

ERROR to the District Court for *Dane* County.
The case is stated in the opinion of the court.
*J. T. Clark,* for plaintiff in error.
*John Catlin,* for defendant in error.

MILLER, J. The plaintiff in error was sued by the defendant in error before a justice of the peace in assumpsit. The defendant pleaded the general issue, with notice of set-off. Upon the trial, the plaintiff proved his right to

recover to the amount of $25. The defendant did not submit any evidence upon the merits, but called one witness, and proved by him that he and the said witness were partners, and jointly liable to the plaintiff. The justice, upon the motion of defendant, then entered a a nonsuit against the plaintiff. A certiorari was thereupon sued out by the plaintiff, and the cause thereby removed to the district court, when the judgment of the justice was reversed, and judgment rendered in favor of the plaintiff for the sum of $25 and costs.

Section 4 of an act to amend an act entitled "An act concerning justices of the peace," approved January 30, 1844, authorized a certiorari in all cases where an appeal is not allowed, and requires the justice to return all the testimony and proceedings had before him. Article 12 of the original act, on page 340 of the statutes, is continued and decided to be in force. By the ninth section of this article, the district court shall proceed to give judgment in the case as the right of the matter may appear, without regarding technical omissions, imperfections or defects in the proceedings before the justice which did not affect the merits, and may affirm or reverse the judgment in whole or in part. As an appeal is not allowed unless the judgment of the justice shall exceed $15, it was made the duty of the justice to return all the testimony in the cause, so that the court shall be enabled to proceed and give judgment in such cases as may be removed therein by certiorari, as the right of the matter may appear. Without this requirement of the law, the party injured or aggrieved by the judgment of the justice, where the amount thereof is not sufficient for an appeal, would in many instances be without redress. Where the case is clear upon the merits, and an essential error was committed by the justice as in this case, there can be no doubt of the propriety of a judgment of the district court reversing that of the justice, and also concluding the rights of the parties upon the merits.

It was contended that the judgment of the court is erro-

neous, inasmuch as that of the justice was a mere judgment of nonsuit; but it must be remarked, that the defendant pleaded the general issue, with notice of set-off, but at the trial he did not dispute or deny the right of the plaintiff to recover upon the merits or facts proven. If he had any defense, he should have shown it; and, in the absence of such, it is fair to presume that he had none. It is, therefore, the opinion of the court that the judgment of the district court be affirmed.